**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re:  **WHITNEY BURNS** | : | CHAPTER 13 |
| | : | CASE NO. 25-11083-DJB |
| **Debtor** | : | |
| | : | HEARING DATE: 07-17-2025 |
| | : | TIME: 11.00 AM |
| | : | LOCATION: COURT ROOM NO. 2 |
| | : | United States Bankruptcy Court |
| | : | 900 Market St. 2nd Floor |
| | : | Philadelphia, PA 19107 |

**MOTION FOR SANCTIONS, ATTORNEYS FEES, AND COSTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011 AND 11 U.S.C. § 105(a)**

**I    INTRODUCTION**

This Motion arises from OneMain Financial Group, LLC's ("OneMain") filing of Proof of Claim No. 5, which is facially inaccurate, legally baseless, and made under penalty of perjury. OneMain falsely asserts that it holds a *perfected security interest* in a 2015 Honda Pilot—a vehicle that was sold by the Debtor more than a month prior to the alleged date of perfection.  This misrepresentation is not a mere clerical oversight—it constitutes a false certification under oath in direct violation of Fed. R. Bankr. P. 9011(b). OneMain's claim lacks a good-faith basis in law or fact and demonstrates, at best, a reckless disregard for the truth and the requirements of secured creditor status in bankruptcy. Accordingly, the Debtor respectfully seeks the imposition of sanctions, including but not limited to the disallowance of the claim, attorney's fees, and any other relief this Court deems just and proper.

**II    PROCEDURAL HISTORY & SAFE HARBOR COMPLIANCE**

1.    On May 22, 2025, Movant served a Notice of Rule 9011 Violation and an unfiled copy of this Motion for Sanctions on: Doug Shulman, CEO of OneMain Financial, and Madison X. Dilger, the signatory to Proof of Claim #5. *See* <u>Ex. A</u> – Rule 9011 Safe Harbor Letter & Motion

2.  The correspondence expressly explained that OneMain's Proof of Claim contained materially false information and requested that the claim be withdrawn or amended within 21 days pursuant to Rule 9011(c)(1)(A). *See* Ex. B - Certified Mail & USPS Tracking.

3.  As of the date of this filing, no withdrawal or amendment of Proof of Claim #5 has occurred. Accordingly, Movant now files this Motion with the Court.

### III.     STATEMENT OF FACTS

4.  Debtor purchased a 2015 Honda Pilot with financing from Capital One Auto Finance, and owed a remaining balance of $546.84 to Capital One Auto Finance on **September 10, 2024**.

5.  On September 10, 2024, Debtor applied for a personal loan in the amount of $11,453.16 from OneMain. *See* Ex. D, Part 2, Pg. 1, Line 26.

6.  Debtor avers that she does not recall voluntarily pledging her 2015 Honda Pilot as collateral for the OneMain loan on September 10, 2024.

7.  On **January 8, 2025**, Debtor traded in the 2015 Honda Pilot to Conicelli Honda, located at 1100 Ridge Pike, Conshohocken, PA 19428, in connection with the purchase of a 2020 Toyota Highlander, which was financed by Ally Financial. *See* Ex. E – Proof of Claim No. 15.

8.  OneMain alleges a perfected lien in a 2015 Honda Pilot, stating the lien was perfected on **February 10, 2025**. *See* Ex. D - POC # 5, Part 2, Pg. 7/8.

9.  As of February 10, 2025, the 2015 Honda Pilot was no longer property of the Debtor, and OneMain could not have legally perfected a lien against it.

10. OneMain filed Proof of Claim #5 on **April 28, 2025**, asserting a secured claim in the amount of $12,862.93 against the Debtor. *See* Ex. C - POC # 5, pg. 2, Line 9.

### IV.   LEGAL STANDARD

11.   Rule 9011(b) requires that filings with the court are:

- Not presented for any improper purpose;
- Warranted by existing law;
- Supported by factual contentions that have evidentiary support.

12.   The Third Circuit has made clear in *Martin v. Brown*, 63 F.3d 1252 (3d Cir. 1995), and reaffirmed in *In re Taylor*, 655 F.3d 274 (3d Cir. 2011), that Rule 9011 sanctions are appropriate where attorneys or parties submit factually baseless or misleading filings without proper investigation.

13.   In *In re Obasi*, 66 C.B.C. 2d 1506, 2011 Bankr. LEXIS 5011 (Bankr. S.D.N.Y. 2011), the court sanctioned a law firm that filed a proof of claim based on a false assertion of secured status, emphasizing that Rule 9011 applies to proofs of claim and such misrepresentations warrant sanctions.

### V.   ARGUMENT

14.   OneMain's Alleged Security Interest Is Legally Defective and Invalid Against the Vehicle.

15.   As of January 10, 2025—the date of the trade-in—Capital One Auto Finance still held a valid and active lien on the 2015 Honda Pilot. OneMain's lien had not been perfected at that time.

16.   Pursuant to Pennsylvania law and UCC Article 9, a security interest in a motor vehicle is perfected only upon notation of the lien on the certificate of title.

17.   OneMain's attempt to perfect its lien occurred on February 10, 2025, over one month after the vehicle had already been traded in and transferred to a third-party dealer. Thus, OneMain's lien was not enforceable against Conicelli Honda or any third-party purchaser at the time of the transfer.

18.   OneMain's lien is further undermined by a break in the chain of title. Capital One's lien release was dated January 17, 2025, and was not received by OneMain until January 27, 2025, well after the vehicle was traded in.

19. Therefore, at the time of the trade-in:

  • Capital One was still the lienholder of record;

  • OneMain had no legally perfected interest recorded with the DMV;

  • There was no valid legal basis for OneMain to assert a perfected security interest.

20. As a result, Conicelli Honda had no constructive notice of any lien held by OneMain. Under UCC § 9-317 and related Pennsylvania statutes, a transferee of a vehicle takes free and clear of an unperfected security interest.

21. Consequently, OneMain's position as a secured creditor is legally flawed. Since it failed to timely perfect its interest within a reasonable commercial time, OneMain is, at best, an unsecured creditor with a claim against the Debtor personally, not the vehicle.

22. Claimant and Signer violated Federal Rule of Bankruptcy Procedure 9011(b) in the following respects:

**(a)** **Violation of Rule 9011(b)(3): Lack of Evidentiary Support for Perfection Claim**
The Claimant asserted a perfected security interest in the 2015 Honda Pilot. However, their own documentation (Ex. D – POC # 5, Part 2, Pg. 7/8) states the perfection date is 2/10/2025, after the vehicle was traded in on 1/8/2025. This means the assertion is factually incorrect and unsupported by evidence.

**(b)** **Violation of Rule 9011(b)(2): Legal Claim Not Warranted by Existing Law** Claiming a secured status without a valid, timely perfected lien is not supported by applicable law. Under UCC Article 9, a creditor must have a perfected security interest before asserting secured status in bankruptcy. Filing a secured proof of claim without such a right is a misrepresentation of the law.

**(c)** **Violation of Rule 9011(b)(1): Filed for an Improper Purpose**
If the Claimant knew or should have known that their lien was not perfected at the time of the vehicle transfer, yet still asserted secured status, the proof of claim may have been submitted for an improper purpose, such as to gain an unfair distribution advantage over other unsecured creditors.

**(d)** **Violation of Rule 9011(b)(3): Failure to Conduct Reasonable Inquiry**
The Claimant and Signer had a duty to perform a reasonable inquiry into the facts and legal status of their claim before signing and submitting it. The existence of the post- transfer

perfection date should have alerted them that their claim could not legally be secured. Failing to investigate this basic timeline demonstrates negligence or willful ignorance.

**(e)**     **Violation of Rule 9011(b)(2) & (3): Misleading the Court and Trustee**
By asserting secured status in the bankruptcy case, the Claimant misrepresented their rights to the Bankruptcy Court and the Chapter 13 Trustee. This kind of misrepresentation could affect plan treatment, distributions, and case strategy, and is a direct violation of the obligation to ensure that claims are factually and legally accurate.

23. Despite being given an opportunity to withdraw or amend the claim under Rule 9011(c)'s 21-day safe harbor, OneMain has taken no corrective action.

24. As in *Obasi*, sanctions are necessary to:

- Deter future abuse of the claims process,
- Preserve the integrity of bankruptcy proceedings, and
- Prevent harm to debtors and the court system.

## VI. RELIEF REQUESTED

**WHEREFORE**, Movant respectfully requests that this Court:

1. Impose sanctions against OneMain Financial Group, LLC pursuant to Rule 9011(c) and 11 U.S.C. 105(a);
2. Strike Proof of Claim #5 or reclassify it as a general unsecured claim;
3. Award reasonable attorneys' fees and costs associated with bringing this Motion;
4. Grant such other and further relief as the Court deems just and proper.

                                              Respectfully submitted,

                                              Stephen M. Dunne, Esquire
/s/ Stephen M. Dunne
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Telephone: (215)-551-7109
Facsimile: (215)-525-9721