

May 22, 2025

One Main Financial Group, LLC
Doug Shulman, CEO
601 N.W. Second Street
Evansville, IN 47708-1013

    RE:    Notice of Rule 9011 Violation – Incorrect Information in Proof of Claim
            **Whitney Burns**
            Case No. 25-11083 (djb)

Dear Mr. Shulman:

This letter is being sent pursuant to **Federal Rule of Bankruptcy Procedure 9011(c)**, which incorporates the provisions of **Federal Rule of Civil Procedure 11**, to address a material factual inaccuracy in **Proof of Claim #5** filed by **OneMain Financial** in the above-referenced bankruptcy case.

Specifically, Proof of Claim #5 asserts that OneMain holds a **perfected security interest** in a **2015 Honda Pilot**. However, your own Exhibit A to the claim states that the lien was **perfected on February 10, 2025**.

The debtor, **Whitney Burns**, traded in the 2015 Honda Pilot on **January 8, 2025**, at Concielli Honda, located at 1100 Ridge Pike, Conshohocken, PA 19428, as part of the purchase of a 2020 Toyota-Scion Highlander financed by Ally Financial. Accordingly, the vehicle was no longer property of the debtor at the time OneMain's lien was allegedly perfected. This means **no valid security interest was perfected prior to the transfer**, and **OneMain does not hold a secured claim in this case**.

Therefore, Proof of Claim #5 is **factually incorrect and legally deficient**, and must be **amended** to reflect the proper classification as a **general unsecured claim**. If this issue is not corrected within **21 days** from the date of this letter, we intend to file a formal **objection to the claim** and may pursue appropriate **sanctions under Rule 9011** for filing a claim not warranted by the evidence or law, and for asserting a secured claim without a valid perfected lien.

Please treat this letter as a **safe harbor notice under Rule 9011(c)(1)(A)**. We urge you to promptly review the claim and take corrective action.

Pursuant to **Federal Rule of Bankruptcy Procedure 9011**, a party presenting a document to the court must ensure that factual contentions have evidentiary support. Filing a Proof of Claim containing false or misleading information violates Rule 9011(b) and may result in sanctions if not promptly corrected. See attached Motion for Sanctions.



Additionally, the inclusion of incorrect information in a Proof of Claim violates the Pennsylvania Fair Debt Collection Practices Act (PA FDCPA), 73 P.S. § 2270.4(b)(5), which prohibits false, deceptive, or misleading representations in the collection of a debt. Misstating the last payment date in a Proof of Claim may constitute a false representation of the character, amount, or legal status of a debt, in violation of 73 P.S. § 2270.4(b)(6).

**DEMAND FOR IMMEDIATE CORRECTION**
In light of these violations, I demand that **OneMain Financial** immediately amend its Proof of Claim to accurately reflect the correct payment history.

Failure to correct this misstatement within 21 days from the date of this letter may result in further legal action, including a motion for sanctions under Bankruptcy Rule 9011 and potential claims under the PA FDCPA.

Please confirm in writing that the necessary corrections have been made. If you require additional information, do not hesitate to contact me.

                                                Sincerely,

                                                /s/ Stephen Dunne
                                                Stephen Dunne
                                                Dunne Law Offices, P.C.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| In re: | **WHITNEY BURNS** | : | CHAPTER 13 |
| | | : | CASE NO. 25-11083-DJB |
| | **Debtor** | : | |
| | | : | HEARING DATE: |
| | | : | TIME: |
| | | : | LOCATION: COURT ROOM NO. |
| | | : | United States Bankruptcy Court |
| | | : | 900 Market St. 2nd Floor |
| | | : | Philadelphia, PA 19107 |

**MOTION FOR SANCTIONS, ATTORNEYS FEES, AND COSTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011 AND 11 U.S.C. § 105(a)**

1. On March 20, 2025, the Debtor commenced a voluntary case under chapter 13 of the Bankruptcy Code, by filing a petition which has been assigned No. 25-11083 in this Court.

2. This Court has jurisdiction to hear this matter under 28 U.S.C. § 1334, because it arises in that case and is related to it. This proceeding is a core proceeding.

3. On April 28, 2025, One Main Financial Group, LLC filed Proof of Claim No. 5. See Exhibit A.

4. Creditor's claim (Claim # 5, Part 2) states that the lien was perfected on February 10, 2025.

5. The debtor, Whitney Burns, traded in the 2015 Honda Pilot on January 8, 2025, at Concielli Honda, as part of the purchase of a 2020 Toyota-Scion Highlander financed by Ally Financial. See Exhibit A.

6. Accordingly, the vehicle was no longer property of the debtor at the time OneMain's lien was allegedly perfected. This means no valid security interest was perfected prior to the transfer, and OneMain does not hold a secured claim in this case.

7. Creditor's assertion in Proof of Claim #5 of a valid security interest that was perfected on 2/10/2025 is factually incorrect and legally deficient.

8. On May 22, 2025, counsel for debtor mailed and emailed a letter to One Main Financial Group, LLC requesting that Claim Number 5 be withdrawn within twenty-one (21) days, and attached to that letter a copy of the present motion pursuant to Federal Rule of Bankruptcy Procedure 9011. Copies of the letter and fax confirmation sheet are attached hereto. Federal Rule of Bankruptcy Procedure 9011 provides that by presenting to the Court, whether by signing, filing, submitting, or later advocating, a pleading, written motion or other paper, an attorney or unrepresented party certified to the best of her knowledge, information, and belief, formed after a reasonable inquiry, (a) the document is not being presented for an improper purpose, (b) the legal contentions therein are warranted by existing law or by a non-frivolous argument for a change or extension of law, and (c) the factual allegations therein have evidentiary support, or after a reasonable opportunity for further investigation or discovery, are likely to have evidentiary support.

9. Claimant and Signer failed within twenty-one (21) days after service of the proposed Motion for Sanctions, to withdraw the claim which seeks to collect a prescribed debt.

10. Claimant and Signer violated Federal Rule of Bankruptcy Procedure 9011(b) in the following respects:

    **(a) Violation of Rule 9011(b)(3): Lack of Evidentiary Support for Perfection Claim**
    The Claimant asserted a perfected security interest in the 2015 Honda Pilot. However, their own documentation (Claim # 5, Part 2) states the perfection date is 2/10/2025, after the vehicle was traded in on 1/8/2025. This means the assertion is factually incorrect and unsupported by evidence.

    **(b) Violation of Rule 9011(b)(2): Legal Claim Not Warranted by Existing Law**
    Claiming a secured status without a valid, timely perfected lien is not supported by applicable law. Under UCC Article 9, a creditor must have a perfected security interest before asserting secured status in bankruptcy. Filing a secured proof of claim without such a right is a misrepresentation of the law.

    **(c) Violation of Rule 9011(b)(1): Filed for an Improper Purpose**
    If the Claimant knew or should have known that their lien was not perfected at the time of the vehicle transfer, yet still asserted secured status, the proof of claim may have been submitted for an improper purpose, such as to gain an unfair distribution advantage over other unsecured creditors.

    **(d) Violation of Rule 9011(b)(3): Failure to Conduct Reasonable Inquiry**
    The Claimant and Signer had a duty to perform a reasonable inquiry into the facts and legal status of their claim before signing and submitting it. The existence of the post-transfer perfection date should have alerted them that their claim could not legally be secured. Failing to investigate this basic timeline demonstrates negligence or willful ignorance.

      **(e) Violation of Rule 9011(b)(2) & (3): Misleading the Court and Trustee**
By asserting secured status in the bankruptcy case, the Claimant misrepresented their rights to the Bankruptcy Court and the Chapter 13 Trustee. This kind of misrepresentation could affect plan treatment, distributions, and case strategy, and is a direct violation of the obligation to ensure that claims are factually and legally accurate.

11. Under Federal Rule of Bankruptcy Procedure 9011(c), if the Court determines that subdivision (b) of that Rule has been violated, the Court may award sanctions against the offending party or parties.

12. To the extent that the Claimant and/or its representative(s) allege that their actions are not sanctionable under Federal Rule of Bankruptcy Procedure 9011, sanction should issue pursuant to 11 U.S.C. 105(a).

13. Both 11 U.S.C. 105(a) and the Court's inherent authority allow it to issue sanctions against parties for abusive practices undertaken in bad.

14. Under both sources of authority, conduct may be sanctioned when, as here, it is entirely unwarranted in fact and law, and was pursued for reasons of harassment, delay, or other improper purpose.

    **WHEREFORE** the debtor prays that this Court enter an Order against Claimant and Signer, under Federal Rule of Bankruptcy Procedure 9011, or as appropriate, under 11 U.S.C. 105(a) sanctioning both the Claimant and Signer and awarding reasonable attorney fees and costs for filing this motion and the associated objection to Claimant's claim, and for all such further relief that the Court deems due and appropriate.

Respectfully submitted,

                    Stephen M. Dunne, Esquire

                    /s/ Stephen M. Dunne
                    Dunne Law Offices, P.C.
                    1515 Market Street, Suite 1200
                    Philadelphia, PA 19102
                    Telephone: (215)-551-7109
                    Facsimile: (215)-525-9721